FIDELITY TRUST & SAFETY VAULT CO. v. MOBILE ST. RY. CO.[1]

(Circuit Court, S. D. Alabama. January 4, 1893.)

1. APPEAL—EFFECT ON COLLATERAL PROCEEDINGS.
    An appeal and supersedeas do not oust the jurisdiction of the lower court, or preclude collateral or independent proceedings.

2. SAME—CONFIRMATION OF SALE.
    An appeal and supersedeas of a decree in respect to solicitors' fees in a foreclosure proceeding do not preclude the lower court from passing on the question of confirmation of the sale made under it.

3. CONFIRMATION—INADEQUACY OF PRICE.
    Inadequacy of price alone is not a ground to set aside a judicial sale, unless so great as to shock the conscience and excite the suspicion of the court.

4. SAME—OPINION AS TO RESALE.
    Expression of a well-founded opinion by a witness that the property would, on resale, bring a much higher price, is not sufficient ground for setting aside a judicial sale.

5. SAME—ACTS OF BIDDERS.
    Inadequacy of price, accompanied by additional circumstances of unfairness, growing out of fraud, accident, or some trust relation, are good

[1]Reported by Peter J. Hamilton, Esq., of the Mobile, Ala., bar.

grounds against confirmation, but the fact that mortgage bondholders of a street-railway company were known to have authorized a committee to bid up to $400,000, and that this report deterred others from bidding, is not good ground for setting aside a sale of the property for $225,000 to the bondholders.

In Equity. Bill by the Fidelity Trust & Safety Vault Company against the Mobile Street-Railway Company to foreclose a mortgage. Heard on motion to make absolute an order confirming the sale of the railway property. Granted.

For opinion on motion to set aside service of a petition in the nature of a cross bill filed by certain bondholders, see 53 Fed. Rep. 850.

G. L. & H. T. Smith and McCaleb & Lapeyre, for the motion.
Clark & Clark and Overall, Bestor & Gray, opposed.

TOULMIN, District Judge. As preliminary to this motion it is suggested that the court has no jurisdiction to hear and decide it, because an appeal has been taken in the cause, and a supersedeas bond given with a stay of proceedings. The decree appealed from is one confirming the report of the special master, and decreeing the payment of money thereunder for solicitors' fees and other expenses, and was a final decree. The execution of that decree was superseded, but the supersedeas has nothing to do with the decree in which the equities of the cause were involved, and by which they were settled, nor does it preclude collateral or independent proceedings. An appeal, where a supersedeas is obtained, does not preclude parties from prosecuting collateral or independent proceedings, (Amer. Dig. 1892, p. 285, § 1729;) and it is held that an appeal to the supreme court with a stay does not oust the jurisdiction of the lower court, (Amer. Dig. 1892, p. 288, § 1743; Briggs v. Shea, [Minn.] 50 N. W. Rep. 1037.) This motion is a separate and distinct proceeding from that which culminated in the decree from which the appeal in question was taken. It is based on grounds which have nothing to do with the issues involved in and settled by that decree. The purpose of the motion now submitted is not to raise any question going behind that decree or concluded by it. Whatever course may be taken by the appellate court as to the decree appealed from, whether it be affirmed or reversed, the question arising on this motion would neither be determined nor discussed. Tested by these rules, which are found laid down in Allen v. Allen, 80 Ala. 154, I am of opinion that the court has the jurisdiction to decide this motion.

The grounds of opposition to the motion, as stated, are inadequacy of price and unfairness in the sale. If the property sold at an inadequate price, the inadequacy must be so great as to shock the conscience and to excite the suspicion of the court, or there must be an inadequacy of price, with additional circumstances against the fairness of the sale, growing out of fraud, accident, or some trust relation of the parties. On the proof submitted as to the value of the property I am not convinced that it sold at greatly less than its value; certainly the inadequacy of price is not so great as to shock the conscience and to excite the suspicion of the court. Mere in-

adequacy of price is not alone sufficient to set aside the sale, and the expression of opinion, however well founded, that the property on a resale would bring a much higher price, is not sufficient. Mining Co. v. Mason, 145 U. S. 349, 12 Sup. Ct. Rep. 887; Graffam v. Burgess, 117 U. S. 180, 6 Sup. Ct. Rep. 686.

Are there then any additional circumstances against the fairness of the sale? Have the purchasers taken any undue advantage? If so, of whom? Has any party interested in the property been misled or surprised? There are some statements in the affidavits submitted, based on information and belief, that some of the buyers, who were bondholders, deterred other proposed buyers from bidding by creating the impression that they were going to bid $400,000 for the property, but these statements are too vague and indefinite for the court to act on them. The proposed purchasers are not named. What sum they were willing to pay for the property is not given. They do not testify in the matter. What was said by the buyers, or any of them, to create, or that tended to create, such impression, is not shown; and while I can well see that an impression might have prevailed that the bondholders might bid as much as $400,000, inasmuch as they had authorized their committee to bid as much as that sum, and which seems to have been generally known, the circumstances show that the committee was clothed with a discretion to buy the property at any price, limited only by the sum named. This statement, or the substance of such a statement, of itself cannot be said to be an act of unfairness, or an act that would raise the presumption of fraud. However much I may regret that the property did not realize a larger sum, there is no evidence of such conduct on the part of the purchasers as would afford any ground to justify the court in setting aside the sale. The motion to make the order confirming the sale absolute is therefore granted.