CENTRAL TRUST AND SAVINGS COMPANY, Trustee,

*vs.*

CHESTER COUNTY ELECTRIC COMPANY and WILLIAM M. HOPE, Receiver of said Chester County Electric Company.

*New Castle, Oct.* 4, 1910.

The possibility, or probability, of a higher bid, as shown by the statement of an objector to the confirmation of a judicial sale of property for $10,000 that an unnamed purchaser would probably bid $20,000 at a re-sale, will not be considered in determining the propriety of confirming the sale.

A sale under foreclosure of a mortgage of a corporation to secure bonds was made for $10,000 to the only bidder, who acted as a representative of the holders of ninety-five *per cent.* of the bonds.    The holder of five *per cent.* of the bonds refused to join the other bondholders, and he objected to the confirmation of the sale on the ground of inadequacy of the price, and averred that on a re-sale an unnamed purchased would probably bid $20,000.  ˙There was evidence that the property was worth $30,000. *Held*, that, where there was no fraud or irregularity, the Court in its discretion must confirm the sale.

A definite offer of a higher bid at a re-sale, obtained subsequent to the sale, will not justify the refusal of confirmation of the sale.

Nor would the guarantee of a higher bid.

Nor an opinion that a higher bid could be obtained.

Mere inadequacy of price is not sufficient.

OBJECTIONS TO CONFIRMATION OF SALE MADE IN A SUIT TO FORECLOSE A MORTGAGE.    Pursuant to an order of the Chancellor, William M. Hope, receiver of Chester County Electric Company, one of the defendants in this suit, sold the mortgaged property and made return thereof, and ˙notice was given by newspaper advertisement that objections to the confirmation of the sale should be filed on or before Monday, September 26th, 1910, and be heard on October 3rd, 1910.    Confirmation of the sale was objected to by Elisha W. Meloney, on˙ the ground of inadequacy of price, and the matter was heard on said objection and answer thereto by the purchaser, the substance of which appear in the opinion.

*Arley B. Magee*, for the objector.

*James W. Ponder* and *J. Hector McNeal*, (the latter of the Philadelphia Bar) for the purchaser.

THE CHANCELLOR:  William M. Hope, the receiver, who, as one of the defendants, was appointed to make the sale under the decree of foreclosure of the mortgage, accepted from the Central Trust and Savings Company, trustee, a bid of $10,000; it being the only qualified bidder at the sale.    Objection to

the confirmation of the sale is taken by a holder of bonds of the company upon the ground of gross inadequacy of price; he alleging that the property sold is worth upwards of $30,000, and that there was probably an unnamed purchaser who would bid $20,000 at a resale.   In answer to this the purchaser filed a sworn answer, alleging itself to be the trustee for the bondholders, who had deposited with it bonds aggregating $165,000, a part of the $190,000 of bonds issued and outstanding, and that it bid in the property for the committee of the depositing bondholders; and, further, that Elisha W. Meloney, the objecting bondholder, and all the bondholders, had equal opportunity to join with the majority of the bondholders, but he had refused to do so.

Evidence of witnesses was heard as to the value of the property, and their estimates varied from $30,000 to $50,000, and the objecting bondholder does not expect a bid of more than $20,000 at a re-sale.  The possibility or probability of a higher bid mentioned in this indefinite way will not be considered as of weight upon the question of the confirmation of the sale.   It has been held that a definite offer of a higher bid at a re-sale, obtained subsequent to the sale, will not justify the refusal of confirmation.   *Rogers v. Rogers Locomotive Co.*, 62 *N. J. Eq.* 111, 50 *Atl.* 10.   Nor the guarantee of an advanced price at a re-sale.  *Harris v. Gunnell*, 9 *S. W.* 376, 10 *Ky. Law Rep.* 419.   Nor an opinion that a higher price can be obtained at a re-sale.  *Fidelity, etc., Co. v. Mobile, etc., Ry. Co.* (C. C.), 54 *Fed.* 26.   The courts have also held that mere inadequacy of price will not be sufficient, in the absence of fraud or irregularity in the manner of conducting a sale.   *Booth's Ex'r v. Webster*, 5 *Harr.* 129;  *Cowen v. Stevens & Co.*, 3 *Harr.* 494;  *Cowgill v. Cahoon*, 3 *Harr.* 23;  *Roger v. Ocheltree*, 4 *Houst.* 452. Here there are no allegations of fraud or irregularity; but in this case, even though there be a gross inadequacy of price, in view of the statement of the objecting bondholder that there is no prospect of a larger bid than $20,000, the sale should not be set aside upon the ground of inadequacy of price.

Assuming, however, that the property which sold for $10,000 to the committee of the bondholders' protective asso-

ciation is worth $30,000, still there are more important considerations which should affect the exercise of the discretion of the Court respecting the setting aside or confirming the sale. The situation presented before the Court is an extraordinary one, fcr here the holders of eighty *per cent.* of all the bonds have actually and properly combined for their mutual protection in this disastrous and unsuccessful common financial investment, which combination all the bondholders were privileged to join. But for their close community of interest and the opportunity furnished to all the bondholders to join in the common bidding, the combination of bidders might be subject to some criticism. Only one of the holders of bonds has refused the invitation to join the others, and this is Elisha W. Meloney, who holds only $8,500 of the bonds, being a little less than five *per cent.* of the whole issue. He alone stands upon his legal rights, and properly says that he cannot be and ought not be compelled to join the other bondholders' plans for their mutual protection; but he further insists upon his right to have the property re-sold, so that it may be bought by a probable unnamed purchaser for $20,000. No objection is made by him to the plans of the other bondholders, and no reason given why he did not and does not join them. The Court is bound to exercise a wise discretion in confirming cr setting aside such a sale of property of the peculiar character of the mortgaged premises and made under the circumstances here presented, and does not feel justified in doing so in this case. Every person who bought any of these bonds joined all other buyers thereof in making a common investment, wherein they were represented by a trustee named in the mortgage given to secure the bonds; and although they thereby became creditors of the company, the mortgagor, yet their remedies for collecting the debts due them were limited by the mortgage. This community of interest established by the mortgage a court of equity should take into serious consideration in the matter now before it. It seems inequitable that the interest of ninety-five *per cent.* of the bondholders, all but a few of whcm have actually joined together for mutual protection, should be jeopardized by one bondholder, owning less than five *per cent.* of the bonds, who for no reason

shown refused to join his fellow bondholders in protecting their mutual interests. While he cannot and should not be compelled to join them, he should not be allowed to thwart their plans in saving for themselves something from a financial wreck, for no other reason than that probably another undisclosed and unnamed bidder will offer $20,000 for the property which he claims to be worth $30,000.

The petition of Elisha W. Meloney, asking that the sale be set aside, is dismissed, the costs thereof to be paid by the petitioner, and an order will be entered confirming the sale and requiring the purchaser to comply with the terms of the decree for the sale of the mortgaged premises.