## IN RE MOTION OF DOWNHAM COMPANY TO SET ASIDE A SHERIFF'S SALE.

(*November* 18, 1932.)

PENNEWILL, C. J., sitting.

*Thomas C. Frame* for Downham Company.

*Howard E. Lynch, Jr.,* for Elwood Marker, the purchaser.

Superior Court for Kent County, October Term, 1932.

PENNEWILL, C. J., delivering the opinion of the Court:

It cannot be said that there is any definite rule in this state respecting the setting aside a Sheriff's sale of land for inadequacy of price. In the earlier cases it was held that mere inadequacy of price was not a sufficient ground, but that such price coupled with an irregularity in the conduct of the sale would be sufficient.

In later cases it was held that gross inadequacy of price is a sufficient reason to justify the setting aside a Sheriff's sale.

The cases dealing with the subject are noted in *Woolley's Del. Prac., Vol* 2, § 1121; and the law is stated concisely but clearly therein.

I quote from Woolley the following: .

"Mere inadequacy of price is not a sufficient ground for setting aside a Sheriff's sale of land, but mere inadequacy of price accompanied with an irregularity will be regarded under some circumstances as causing the sacrifice of property, and the sale will be set aside. * * *

"Gross inadequacy of price, however, is a sufficient reason to support an application for a rule to set aside a Sheriff's sale. Inadequacy of price when not sufficiently great to shock the sense of the Court, yet coupled with circumstances tending to show a sacrifice of the property at the sale, is always considered. But gross inadequacy of price is a sufficient reason or ground alone, without being connected with other circumstances, contributing to the sacrifice of the property. What constitutes gross inadequacy of price may vary with the different circumstances of different sales. * * *

"In the present practice, however, the Court has established for its own guidance a rather general rule with respect to what constitutes a gross inadequacy of price.

"This rule, subject to the particular circumstances of the case is, that when property sells for less than one-half of its value, as determined by evidence on the hearing, there is such a gross inadequacy of price as will shock the sense of the Court and will warrant the Court in setting aside the sale."

██ It will be observed that the strictness of the earlier cases has been modified by later decisions, and the general rule respecting inadequacy of price may now be regarded as the one stated by Woolley. In the case now before the Court the property was sold for much less than one-half of its value, according to a preponderance of the testimony; and the majority of the witnesses testified that in their opinion the property, at a re-sale would bring a price substantially greater than that for which it was sold. The subject matter of the sale was of a very unusual character, and according to Woolley all the circumstances may be considered in determining whether the property was sacrificed, even when the inadequacy of price is not sufficiently great to shock the sense of the Court. When the cost of the property involved in this case, together with its good condition, fine location, present value as proved, and the price for which it was sold are all considered, there does seem to be inadequacy of price sufficiently great to shock the sense of the Court.

The Court realizes that a Sheriff's sale should not be

set aside for insufficient cause, because the effect might be to discourage bidding at future sales; and, besides, the purchaser's rights must always be considered. But taking the testimony as it is, and considering all the circumstances, including present conditions, I think the Court is warranted in setting aside the sale. It may be that after the advertising the property has had, and will have, a larger attendance will be secured and a considerably higher price obtained at another sale.

Rule is made absolute and sale set aside.