**GIRARD TRUST BANK, a Banking Corporation authorized and existing under the laws of the Commonwealth of Pennsylvania, Plaintiff,**

**v.**

**CASTLE APARTMENTS, INC., a Delaware Corporation, Defendant.**

Superior Court of Delaware,
New Castle.

Submitted Aug. 23, 1977.

Decided Oct. 18, 1977.

John T. Gallagher, and James F. Waehler of Morris, Nichols, Arsht & Tunnell, Wilmington, for plaintiff.

David H. Williams of Morris, James, Hitchens & Williams, Wilmington, for defendant.

TAYLOR, Judge.

Plaintiff holds the mortgage covering a 347 unit garden apartment complex on which the mortgage indebtedness exceeds $4,000,000. At the sale of the property under the foreclosure proceeding, the property was sold to plaintiff for $214,996.64. Defendant has moved to set aside the sale on the ground that the sale of the property having a fair market value of $4,000,000 for $214,996 represents gross inadequacy of price which shocks the conscience of the Court.

I

■ Plaintiff contends that defendant, the mortgagor and owner of the property, has no standing to object to the confirmation of the sale because the plaintiff's claim exceeds the fair market value of the property and there is no showing of a likelihood that the property could be sold for more than its fair market value. It is true that where the foreclosure has been in conformity with the contractual arrangement of the parties, has conformed to the applicable statutes, court rules and practices, a party should not be heard to challenge the result unless it is shown that he has suffered detriment. *Petition of Adair*, Del.Super., 8 W.W.Harr. 175, 190 A. 105 (1936); 59 *C.J.S.* Mortgages § 748, p. 1371. Defendant meets that test by showing that plaintiff has a right to recover a deficiency judgment against defendant representing the balance of the mortgage indebtedness after apply-ing the proceeds from the sheriff's sale. *Newbold v. Newbold*, 1 Del.Ch. 310 (1825); 55 *Am.Jur.2d* Mortgages § 905, p. 784; *Osborne on Mortgages* § 333, p. 975. I hold that the susceptibility of defendant to an action for deficiency personal judgment is sufficient to qualify defendant to pursue this motion.

II

The parties agree that the sale should be tested on the basis that the fair market value of the property is approximately $4,000,000. The sale price here represented less than 6% of the fair market value.

■ It is recognized that decisions of this Court have held that gross inadequacy of price which shocks the conscience of the Court may serve as the basis for setting aside a sheriff's sale. 2 *Woolley on Delaware Practice* § 1121; *In re Downham Co.*, Del.Super., 5 W.W.Harr. 294, 165 A. 152 (1932); *Central National Bank v. Industrial Trust Co.*, Del.Super., 4 Terry 530, 51 A.2d 854 (1947); *Emigrant Savings Bank v. Watson*, Del.Super., Opinion September 20, 1976, Taylor, J., aff'd, 367 A.2d 650 (1976).

The classic statement of the Delaware principle is set forth in *Central National Bank v. Industrial Trust Co.*, supra, as follows:

"Subject to any unusual circumstances, if that value is more than twice the sale price, there is such gross inadequacy as will shock the conscience of the Court and justify setting the sale aside. 2 Woolley's Del.Pract.Par. 1121; *In re Downham Co.*, Del.Super., 5 W.W.Harr. 294, 165 A. 152."

The drawing of the line at 50% of the property's fair market value is a simplified standard which probably derived from the melding of the various considerations which are normally involved in the exercise of sound discretion. As a simplified standard it must assume conditions which generally prevail with respect to the sale of properties. It stems from the presumption that under normal market conditions and normal publicity, a buyer will be available who would be willing to pay at least one-half the

fair market value. Clearly, the magnitude of price and limitations upon the available usage of property are significant in that they materially affect the availability of buyers. Therefore, a standard which may apply to property of moderate price or property whose available usage attracts widespread buying interest, as in the case of residential property, may be unrealistic in the case of property whose price is great or usefulness is limited.

■ It should be noted that the 50% test is 50% of fair market value. *Central National Bank v. Industrial Trust Company,* supra. Fair market value "is the price which would be agreed upon by a willing seller and a willing buyer without any compulsion upon the seller to sell or the buyer to buy." *State v. Davis Concrete of Delaware, Inc.,* Del.Supr., 355 A.2d 883 (1976). A mortgage foreclosure involves conditions of compulsion and accelerated sale which are foreign to the concept of fair market value. 5 *Nichols on Eminent Domain* § 21.32, pp. 21–98. The standard test has been set substantially below the fair market value to reflect the realities of forced sale even under ordinary sale. This test reduces the fair market value by 50% under ordinary circumstances and does not preclude acceptance of a lesser figure if warranted under the particular conditions.

The cases which have applied the 50% standard in general have involved moderately priced properties. *Central National Bank v. Industrial Trust Company,* supra, involved a residential property in Wilmington valued at between $1,500 and $3,400. *In re Downham Co.,* Del.Super., 5 W.W. Harr. 294, 165 A. 152 (1932) involved a property valued at between $1,000 and $5,000. *Emigrant Savings Bank v. Watson,* supra, involved a *residence in Wilmington* valued at between $6,000 and $19,000.

That this standard is not absolute and does not contemplate that the Court will inflexibly apply this standard in every instance is clear from the description of this rule in 2 *Woolley on Delaware Practice* Sec. 1121, which begins with the words "subject to the particular circumstances of the case."

It should also be noted that where the standard has been applied, there usually has been evidence either (1) that a higher bid was likely to be made at a subsequent sale or (2) that there was lack of knowledge of the sale or confusion at the sale, neither of which has been shown here. It should be noted that in *Central Trust & Savings Co. v. Chester County Electric Co.,* 9 Del.Ch. 123, 77 A. 771 (1910) the Court of Chancery declined to apply a rigid standard.

It is recognized that in some jurisdictions confirmation of a sheriff's sale will not be refused even where gross inadequacy of price has been shown if no impropriety, irregularity, or failure to meet statutory requirements has been shown. *In Giodano v. Stubbs,* 228 Ga. 75, 184 S.E.2d 165 (1971); *Myles v. Cox,* Miss.Supr., 217 So.2d 31 (1968); *Farris v. Hendrichs,* Mo.Supr., 413 S.W.2d 185 (1967); *Golden v. Tomiyasu,* 79 Nev. 503, 387 P.2d 989 (1963); *Hodges v. Wellons,* 9 N.C.App. 152, 175 S.E.2d 690 (1970); *Mabry v. Abbott,* Tex.Civ.App., 471 S.W.2d 442 (1971). As discussed above, Delaware does not accept this view.

Applying the test of unconscionability, as I have discussed it above, I find no basis to sustain a sale of real estate for less than 6% of its fair market value in the absence of the factor discussed hereafter.

### III

■ The ultimate question is whether by permitting the sale to stand the result would be an unconscionable treatment for the moving party.. Here the only moving party is the mortgagor-owner. In order to meet this test more adequately, plaintiff proposes to forego or waive its right to obtain a deficiency judgment against defendant for the amount of the fair market value of the property less the amount which it bid at sale. In other words, plaintiff proposes to limit its recovery against defendant to the deficiency judgment which it could obtain if the sale had been for the fair market value of the property. The view that waiver of deficiency judgment rights by a mortgagee may be equated to a bid at the time of sale where the property actually

was bought at a lower price by the mortgagee has been accepted in *Garland v. Hill*, 277 Md. 710, 357 A.2d 374 (1976) and *Equitable Life Assurance Society of United States v. Vaughn*, 6 Cir., 82 F.2d 978 (1936).

It must not be overlooked that the objective of judicial scrutiny of sheriff's sales is not to delay the consummation of the execution but to assure that the defaulting obligor has received just treatment in the execution process. Recognizing that there were no other bidders at the sale and that the only parties involved in this attach upon the sale are the mortgagor and the mortgage holder, the Court concludes that plaintiff's proposal may properly be considered in evaluating unconscionability and that it meets the unconscionability test.

I conclude that upon the proper implementation of plaintiff's proposal described above, the sale will be confirmed.