IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| THOMAS HOLSEY, | § | |
| | § | No. 537, 2014 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| EDWARD J. HYNES, PATRICIA | § | in and for Kent County |
| HYNES, and JAMES DOWD, | § | C.A. No. K11J-01913 (RBY) |
| | § | |
| Plaintiffs Below, | § | |
| Appellees. | § | |

Submitted: March 20, 2015
Decided: May 11, 2015

Before **STRINE**, Chief Justice; **HOLLAND**, and **VAUGHN**, Justices.

## ORDER

This 11th day of May 2015, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1)    The appellant, Thomas Holsey, filed this appeal from the Superior Court's denial of his motions to set aside a sheriff's sale and for a new trial. We conclude there is no merit to the appeal and affirm the judgment of the Superior Court.

(2)    The record reflects that, in November 2011, the appellees, Edward J. Hynes and Patricia Hynes, transferred a judgment they obtained against Thomas Holsey and The Church of God in Christ, Inc. entities (the "Church") in the Court

of Common Pleas to the Superior Court. The Hyneses sought to satisfy the judgment through a sale of real estate owned by one of the Church entities and located at 80 Case Ridge Road, Dover, Delaware ("Property"). Holsey, the bishop of the Church in Delaware, resided on the Property.

(3) The remaining appellee James Dowd purchased the Property at sheriff's sale on April 15, 2014 for $250,000. On April 17, 2014, Holsey filed a motion to set aside the sheriff's sale. The Church, the real estate owner, has not objected to the sale. Accordingly, the Church is not a party to this appeal. A hearing was scheduled for June 6, 2014. The Hyneses opposed Holsey's motion and Dowd moved to intervene.

(4) On the morning of the June 6, 2014 hearing, Holsey and Javier Michael Bailey (former counsel to Holsey) filed affidavits stating that Holsey had arranged for a loan to pay all of the debts on the Property and that funds sufficient to pay the outstanding judgment at the time of the sheriff's sale were in an attorney's escrow account. At the hearing, the Hyneses' counsel indicated that there had been a series of unfulfilled promises that the judgment would be satisfied and contended that the judgment was unsatisfied at the time of the sheriff's sale. Holsey stated in response that John Williams, counsel for the Church, had funds in escrow to satisfy the judgment at the time of the sheriff's sale.

2

(5)     Williams informed the Superior Court that he did not have any such funds in his escrow account and that he needed assurances from the national Church before the loan could close.  Bailey told the Superior Court that the proceeds from Holsey's loan had been transferred to a different attorney, Sharon Anderson. According to Bailey, Anderson, an out-of-state attorney, was working to obtain Delaware co-counsel.  The Superior Court continued the hearing until August 1, 2014 to see if the parties could resolve their dispute.  The Superior Court also granted Dowd's motion to intervene, acknowledging that Dowd, as the buyer of the Property at the sheriff's sale, would likely oppose setting aside the sale even if the other parties could reach an agreement.

(6)     At the beginning of the August 1, 2014 hearing, Delaware counsel, who stated that he became involved on Holsey's behalf approximately twenty minutes before the hearing, requested the *pro hac vice* admission of Sharon Anderson.  The Superior Court denied the request because it was late, but did allow Anderson to clarify certain factual matters during the hearing.

(7)     The Hyneses argued that Holsey lacked standing to object to the sheriff's sale because the Church owned the Property and had not objected to the sale.  The Hyneses further argued that even if Holsey was a legitimate party in interest, he had not identified a basis for setting aside the sheriff's sale and that their judgment was still unsatisfied.  In response to Holsey's argument that

3

Dowd had forfeited his right to the Property because he had not paid the balance of his $250,000 bid as required by Kent County Sheriff's Office (the "sheriff's office") procedures, Dowd's counsel stated that Dowd paid $50,000 to the sheriff's office at the time of the sale and deposited the remaining $200,000 in his counsel's office account for payment to the sheriff's office, but the sheriff's office informed Dowd that he would not be permitted or required to deposit the funds until the Superior Court resolved Holsey's motion to aside the sheriff's sale. Dowd also argued that Holsey had not identified a basis for setting aside the sheriff's sale.

(8) Holsey then contended that the Hyneses' counsel told him there would be no sheriff's sale if the judgment was paid, he had paid money toward the judgment, and there was money in escrow for payment of the judgment at the time of the sheriff's sale. According to Anderson, money to pay the judgment would have been transferred to Williams before the sheriff's sale, but for a third party who had claimed Holsey did not have authority to sign for the Church. Anderson also claimed that Williams (who was not present at the hearing) said two days earlier he would have the money to satisfy all of the parties within 72 hours. Finally, Anderson argued that the sale should not be confirmed because the sheriff's office had not received the $200,000 balance of the $250,000 purchase price.

4

(9) In a bench ruling, the Superior Court rejected Holsey's arguments and denied the motion to set aside the sheriff's sale. On August 6, 2014, Dowd submitted a proposed form of order denying Holsey's motion to set aside the sheriff's sale and confirming the sheriff's sale. The Superior Court signed the order on August 28, 2014. Dowd has since paid the balance of the purchase price and the Sheriff conveyed the property to Dowd and disbursed the purchase funds.

(10) On September 16, 2014, Holsey filed a motion for a new trial under Superior Court Civil Rules 60(b)(1), (b)(3), and (b)(6). On September 17, 2014, the Superior Court denied the motion as untimely under Superior Court Civil Rule 59 and for failing to satisfy the requirements of Superior Court Civil Rule 60. Holsey now appeals the Superior Court's August 28, 2014 and September 17, 2014 orders.

(11) On appeal, Holsey argues that: (i) the Superior Court erred in denying his motion to set aside the sheriff's sale because Dowd did not pay the $200,000 balance of his $250,000 bid for the Property within approximately thirty days of the sale as required by the sheriff's office procedures and there were irregularities in the loan process that led to the sheriff's sale; (ii) the Superior Court should have allowed his out-of-state counsel to appear and call witnesses or granted a continuance so that the appellees could respond to the *pro hac vice* motion; and (iii) the Superior Court erred in denying his motion for a new trial. The Hyneses

5

contend that Holsey's appeal was untimely as to all issues, except his motion for a new trial, because the appeal was not filed within thirty days of the August 1, 2014 hearing, and that Holsey lacked standing to challenge the sheriff's sale. The Hyneses and Dowd also argue that the Superior Court did not err in denying Holsey's motions.

(12) Questions of law are reviewed *de novo*.[1] We review the Superior Court's denial of a motion to set aside a sheriff's sale and the denial of a motion for a new trial for an abuse of discretion.[2] As long as the Superior Court "has not exceeded the bounds of reason in view of the circumstances and has not so ignored recognized rules of law or practice so as to produce injustice, its legal discretion has not been abused."[3]

(13) We reject the Hyneses' contention that Holsey's appeal of the denial of his *pro hac vice* motion and his motion to set aside the sheriff's sale is untimely. A civil appeal must be filed "[w]ithin 30 days after entry upon the docket of a judgment, order or decree from which the appeal is taken."[4] Although the Superior Court denied the *pro hac vice* motion and motion to set aside the sheriff's sale

---

[1] *Brooks v. Johnson*, 560 A.2d 1001, 1002-03 (Del. 1989).

[2] *Deutsche Bank Nat. Trust Co. Goldfeder*, 2014 WL 644442, at *2 (Del. Feb. 14, 2014); *Young v. Frase*, 702 A.2d 1234, 1236 (Del. 1997).

[3] *Firestone Tire & Rubber Co. v. Adams*, 541 A.2d 567, 570 (Del. 1988).

[4] Supr. Ct. R. 6(a).

from the bench at the August 1, 2014 hearing, the transcript reflects that Dowd contemplated the submission of an order confirming the sheriff's sale and that the Superior Court was willing to sign such an order. Five days after the hearing, Dowd submitted a proposed form of order denying Holsey's motion to set aside the sheriff's sale and confirming the sheriff's sale. The signed order was docketed on August 28, 2014. Holsey filed this appeal on September 23, 2014, within thirty days of the August 28, 2014 order. Thus, Holsey's appeal is timely.

(14) We also conclude that Holsey had standing to object to the sheriff's sale. "[A] petition to set aside a sheriff's sale 'is simply the means whereby a person who considers himself aggrieved may call the Court's attention to some defect, irregularity, neglect, misconduct or other sufficient matter whereby his rights have been prejudiced.'"[5] Holsey was a bishop of the Church entity that owned the Property and had resided on the property for years. The Hyneses pursued the sheriff's sale to satisfy a judgment they obtained against Holsey and the Church and included Holsey as one of the recipients of the sheriff's sale notice required by Superior Court Civil Rule 69(g).[6] Holsey claims that he paid money to

[5] *Burge v. Fidelity Bond & Mortg. Co.*, 648 A.2d 414, 419 (Del. 1994) (quoting *Girard Trust Bank v. Castle Apartments, Inc.*, 379 A.2d 1144, 1145 (Del. 1977)).

[6] Under this rule:

> No sheriff's sale of real estate shall be held unless at least seven (7) days before the sale the plaintiff or his counsel of record shall send by certified mail, return receipt requested to (1) holders of liens on the real estate which is the subject of such sale who have

7

the Hyneses' counsel in order to extend the sale date, but when the judgment was not paid in full, the Hyneses proceeded with the sheriff's sale. Under these circumstances, we conclude that Holsey suffered injury as a result of the sheriff's sale of the Property and thus had standing to challenge the sale.

(15) We next turn to Holsey's claim that the Superior Court erred in denying his motion to set aside the sheriff's sale because Dowd did not pay the $200,000 balance of his $250,000 bid for the Property as required by the sheriff's office procedures and because the loan process was unfair and irregular. When reviewing a sheriff's sale, the Superior Court must determine whether there was a defect or irregularity in the sale process or neglect of duty or misconduct by the sheriff that prejudiced the rights of interested parties.[7] Under the sheriff's office procedures, the winning bidder must pay 20% of the bid price on the day of sale and the remaining balance within approximately thirty days of the sale. The

---

acquired such liens at least thirty (30) days prior to the sheriff's sale; (2) to tenants holding or possessing a leasehold estate for years or at will in such real estate who have acquired such estate at least thirty (30) days prior to the sheriff's sale; (3) to record owners acquiring title to such real estate (terre tenants) at least thirty (30) days prior to the sheriff's sale; and (4) to persons having an equitable or legal interest of record, including an interest pursuant to a judicial sale or a statutory sale pursuant to § 8771 et seq. of Title 9 at least thirty (30) days prior to such sale a notice consisting of a Notice to Lien Holders, Tenants, Record Owners and Persons Having an Interest of Sheriff's Sale of Real Estate substantially similar to Form 37 Appendix of Forms (Superior Court) and a copy of the advertisement of the sale posted in accordance with § 4973 of Title 10.

Super. Ct. Civ. R. 69(g).

[7] *Burge*, 648 A.2d at 420.

8

parties agree that Dowd did not pay the $200,000 balance within approximately thirty days of the April 15, 2014 sale. According to Holsey, this means there was a procedural defect in the sale process that required the Superior Court to set aside the sheriff's sale. We disagree.

(16) The record reflects that Dowd was prepared to pay the $200,000 balance within approximately thirty days of the sale, but the sheriff's office would not accept the payment. Dowd's counsel represented to the Superior Court that he had received $200,000 from Dowd for payment of the remaining balance, Dowd spoke to a clerk in the sheriff's office on May 19, 2014 about paying the balance, the clerk spoke to the sheriff, and then the clerk informed Dowd that he would not be permitted or required to deposit the funds until the Superior Court resolved the motion to set aside the sheriff's sale. In an affidavit executed on August 1, 2014, Dowd summarized his conversation with the sheriff's office on May 19, 2014.

(17) Holsey does not cite any cases in which a sheriff's sale was set aside because the sheriff's office would not accept payment of the purchase price balance while a motion to set aside a sheriff's sale was outstanding. Setting aside a sheriff's sale under these circumstances would unfairly prejudice a prevailing bidder who was prepared to comply with the sheriff's office procedures, simply because an objecting party disputed the sale. Thus, the Superior Court did not err

9

in finding that the refusal of the sheriff's office to accept Dowd's payment was an insufficient basis for setting aside the sheriff's sale.

(18)  As to Holsey's claims of "irregularities and unfairness in the loan process, which gave rise to the sheriff's sale proceeding,"[8] Holsey appears to contend that misinformation was provided to Williams in order to thwart Holsey's ability to close on the loan and pay off the judgment.  Anderson told the Superior Court that a third party suggested to Williams that Holsey did not have authority to sign documents for the Church.  The record contains no evidentiary support for this claim and there is no contention that the Hyneses, Dowd, or the sheriff misinformed Williams.  The Superior Court did not err in refusing to set aside the sheriff's sale based upon this claim.

(19)  The Superior Court also did not err in denying Holsey's *pro hac vice* motion for admission of Sharon Anderson or in not ordering a *sua sponte* continuance so that the appellees could respond to the *pro hac vice* motion. Attorneys who are not members of the Delaware bar "may be admitted *pro hac vice* in the discretion" of the Superior Court.[9]  Although Anderson was identified as an attorney helping Holsey at the June 6, 2014 hearing that was continued until August 1, 2014, no Delaware counsel sought Anderson's *pro hac vice* admission

---

[8] Brief of Appellant at 10.

[9] Super. Ct. Civ. R. 90.1(a).

until shortly before the August 1, 2014 hearing started. Holsey contends that he had difficulty obtaining Delaware counsel who did not have a conflict of interest in Kent County, but he could have retained an attorney in New Castle County or Sussex County.

(20) Notwithstanding the denial of the motion, the Superior Court permitted Anderson to make certain factual representations. The Superior Court also heard arguments from Holsey. Holsey claims that his out-of-state counsel was not permitted to call witnesses, but he could have called witnesses himself and did not attempt to do so. Under these circumstances, we conclude that the Superior Court did not err in denying the *pro hac vice* motion. We also conclude that the Superior Court was not required to grant *another* continuance (which was not even requested at the August 1, 2014 hearing) so that the Hyneses and Dowd could respond to the *pro hac vice* motion.

(21) Finally, the Superior Court did not err in denying Holsey's motion for a new trial Superior Court Civil Rules 60(b)(1), (b)(3), and (b)(6). In support of this argument, Holsey again relies on alleged misinformation provided by a third party to Williams regarding Holsey's ability to sign documents for the Church. This claim does not constitute "[m]istake, inadvertence, surprise, or excusable neglect" under Superior Court Civil Rule 60(b)(1) or "fraud…or other misconduct of an *adverse party*" under Superior Court Civil Rule 60(b)(3)(emphasis added).

11

Nor does this claim constitute "extraordinary circumstances" that warrant vacating the Superior Court's judgment to accomplish justice under Superior Court Civil Rule 60(b)(6).[10]

(22) Holsey also claims that if the funds he paid to extend the sale date had been applied to the outstanding judgment, then the Property would not have been sold. Holsey did not make this claim at the June 6, 2014 hearing or the August 1, 2014 hearing and points to no evidence in the record to support this claim. Holsey does not claim that the entire judgment was satisfied by the time of the sheriff's sale. Having carefully reviewed the record, we conclude that the Superior Court did not err in denying Holsey's request for relief under Superior Court Civil Rules 60(b)(1), (b)(3), and (b)(6).

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*
Chief Justice

---

[10] *Jewell v. Div. of Soc. Servs.*, 401 A.2d 88, 90 (Del. 1979).