IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| 248 GLEN COVE CP, LLC, | § | |
| | § | |
| Movant Below, | § | No. 59, 2025 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| DELVA SOLUTIONS, LLC, | § | C.A. No. N24L-07-046 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |
| | § | |
| | § | |

Submitted: September 24, 2025
Decided: October 8, 2025

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## **ORDER**

The Court, having considered the briefs and the record below, rules as follows:

(1)     248 Glen Cove CP, LLC came down with a case of buyer's remorse after it purchased property at a New Castle County Sheriff's sale. According to Glen Cove, it intended to lease five existing apartments on the property but discovered after the sale that the zoning code prevented such a use. It moved to set aside the sale based on a variety of legal theories. The Superior Court refused to set aside the sale. We affirm.

(2)     Glen Cove is a real estate investment firm.[1]  On December 10, 2024, it cast the winning bid at a Sheriff's sale for 102 South Broad Street in Middletown, Delaware.[2]  Delva Solutions, LLC held a mortgage on the property, foreclosed, and pursued the Sheriff's sale.[3]  At the auction, neither Delva nor the Sheriff mentioned the property's zoning status.[4]  Glen Cove had, however, reviewed the New Castle County tax parcel website prior to the auction.  The website listed a commercially zoned building with five rentable units on the property.[5]  At auction, Glen Cove paid a $5,000 deposit and made a $61,000 down payment by check.[6]

(3)     Problems arose after the sale when Glen Cove consulted an architect. The architect informed Glen Cove that, although the property was zoned for commercial use, they were unwilling to sign off on renovation plans.  According to the architect, the Town of Middletown would only allow single-family residential uses on the property.[7]  Soon after receiving this news, Glen Cove canceled the

---

[1] Opening Br. at 5.

[2] *Id.*

[3] *Id.*

[4] App. to Appellant's Opening Br. at A034 [hereinafter A_ ] (Mot. to Set Aside Sheriff's Sale ¶ 5).

[5] A033 (Mot. to Set Aside Sheriff's Sale ¶ 3).

[6] A034 (Mot. to Set Aside Sheriff's Sale ¶ 4); App. to Appellee's Answering Br. at B001 [hereinafter B_ ] (Pl.'s Response to Mot. to Set Aside Sheriff's Sale ¶ 4).

[7] A034 (Mot. to Set Aside Sheriff's Sale ¶ 4).

$61,000 check.[8] It claims it did so because the usage restriction undercut the reason for purchasing the property.[9]

(4) After Glen Cove refused to pay the $61,000, Delva filed a complaint in the Superior Court to confirm the sale. Glen Cove responded with a Motion to Set Aside the Sheriff's Sale.[10] The motion asked first that the sale be set aside based on equitable estoppel.[11] It also argued that mistakes by both the County (in not updating the tax parcel website) and the Sheriff (in not warning prospective purchasers that the zoning was subject to change) were an "irregularity" in the sale process and reason to set aside the sale.[12]

(5) The Superior Court denied Glen Cove's motion.[13] Ruling from the bench, it found that "to the extent that Glen Cove relied on the Sheriff, that reliance was not reasonable and that Glen Cove's failure to conduct it's [sic] own independent

---

[8] B002 (Pl.'s Response to Mot. to Set Aside Sheriff's Sale ¶ 4).

[9] A034 (Mot. to Set Aside Sheriff's Sale ¶ 9). The parties dispute, and the Superior Court did not decide, whether Glen Cove's real motive for stopping payment on the check was the zoning issue. Delva claims Glen Cove did not have the money to cover the check. *See* B002–03 (Pl.'s Response to Mot. to Set Aside Sheriff's Sale ¶¶ 4, 8). We need not resolve the issue to decide the appeal.

[10] A033–36 (Mot. to Set Aside Sheriff's Sale).

[11] A035 (Mot. to Set Aside Sheriff's Sale ¶¶ 11–12).

[12] A035–36 (Mot. to Set Aside Sheriff's Sale ¶¶ 10, 13–14).

[13] A028 (Hearing on Appellant's Mot. to Set Aside Sheriff's Sale at 18:9–10).

3

due diligence is what is at the bottom here."[14]  It based these two findings on Glen Cove's failure to call Middletown to inquire about the property, especially because the architect knew to do so; and the absence of a duty by Delva or the Sheriff to conduct due diligence on the property.[15]  Glen Cove appeals these rulings.[16]

(6)    Glen Cove argues on appeal that (1) the court mistakenly found that Glen Cove relied on the Sheriff's misrepresentations instead of the County's misrepresentations on its website about the property and (2) the sale should be set aside because both the buyer and Delva were mistaken about the land use restrictions zoning status.

(7)    This Court reviews the Superior Court's determinations of law *de novo*.[17]  We accept its findings of fact unless they are "clearly wrong."[18]  The Superior Court has broad discretion to either confirm or set aside a Sheriff's sale.[19]

---

[14] A029 (Hearing on Appellant's Mot. to Set Aside Sheriff's Sale at 19:6–10).

[15] A028–29 (Hearing on Appellant's Mot. to Set Aside Sheriff's Sale at 18:13–19:5).

[16] Opening Br. at 2.

[17] *Fitzsimmons v. New Castle Cnty.*, 827 A.2d 30, 2003 WL 21556987, at *1 (Del. July 7, 2003) (TABLE) (Superior Court did not err in confirming Sheriff's sale of plaintiff's home over the plaintiff's objection that he could satisfy delinquent tax obligations with UCC financing statements instead of actual currency).

[18] *Shipley v. New Castle Cnty.*, 975 A.2d 764, 767 (Del. 2009) (quoting *McNeil v. McNeil*, 798 A.2d 503, 508 (Del. 2002)) (Superior Court did not exceed its discretion to confirm Sheriff's sale despite incorrect parcel number and inaccurate property description because the "extraordinary circumstances" needed to set a Sheriff's sale aside were absent).

[19] *Id.*

We review its decision to determine if it exceeded its discretion.[20] A court exceeds its discretion if it "arbitrarily or capriciously refuse[s] to confirm a sale where there are no irregularities in the sale proceedings or where there is no fraud, unfairness, or other extraneous matter demonstrating unfairness to one of the interested parties."[21]

(8) Glen Cove asserts that the Superior Court erred when it found that the "mutual mistake" was based on anything said, or not said, by the Sheriff, and not on the New Castle County tax parcel search website – which listed the zoning as commercial.[22] In its motion and at the hearing, however, Glen Cove argued that the Sheriff's failure to warn prospective purchasers about the zoning change amounted to an irregularity warranting setting aside the sale.[23] Further, the Superior Court stated only that "to the extent" Glen Cove relied on the Sheriff, doing so was

---

[20] *Deibler v. Atlantic Properties Group, Inc.*, 652 A.2d 553, 558 (Del. 1995) (quoting *Firestone Tire & Rubber Co. v. Adams,* 541 A.2d 567, 570 (Del. 1988)) (Superior Court did not err in confirming Sheriff's sale of stock despite low sale price because other related transactions provided substitute benefits to the original shareholders).

[21] *Deutsche Bank Nat. Tr. Co. v. Goldfeder*, 86 A.3d 1118, 2014 WL 644442, at *2 (Del. 2014) (TABLE).

[22] Opening Br. at 20 ("Movant argued that it relied upon . . . [the] New Castle County tax parcel search website . . . not . . . the New Castle County Sheriff.").

[23] A036 (Mot. to Set Aside Sheriff's Sale ¶ 13) ("The unilateral mistakes of . . . [the County and] Sheriff, for not announcing that zoning status were [sic] subject to change provides an alternative basis to stay confirmation of the Sheriff sale"); A015 (Hearing on Appellant's Mot. to Set Aside Sheriff's Sale at 5:1–3) (asserting the zoning initiative "would not be knowable to a purchaser absent an announcement by either the Sheriff or the seller").

5

unreasonable.[24] It did not comment further on the extent of that reliance, or that it thought Glen Cove *only* relied on the Sheriff's misrepresentations. Thus, the Superior Court did not clearly err when it found that Glen Cove's argument for setting aside the Sheriff's sale was at least partially based on the Sheriff's actions, and not solely on New Castle County's tax parcel website.

(9) Glen Cove argues next that the Superior Court erred as a matter of law by not setting the sale aside under equitable estoppel. This argument is waived, because although Glen Cove raised equitable estoppel in the argument heading, it fails to address the substance in its brief.[25]

(10) Glen Cove's "mistake" arguments are also unavailing. For the first time on appeal, Glen Cove argues mutual mistake as opposed to mistake as an irregularity in a judicial process.[26] Arguments not made below are deemed waived.[27]

---

[24] A029 (Hearing on Appellant's Mot. to Set Aside Sheriff's Sale at 19:6–10).

[25] *See* Opening Br. at 25 (mentioning equitable estoppel in the heading but neglecting to address it substantively in the merits of the brief). Even if not waived, the argument fails because Glen Cove cannot satisfy two elements; an inability to obtain the information, and reliance on the conduct of the party against whom estoppel is claimed. *See Williams Companies, Inc. v. Energy Transfer Equity, L.P.*, 159 A.3d 264, 275 (Del. 2017) (acquiror in merger agreement was not equitably estopped from terminating merger agreement because it did not withhold information). Glen Cove could have obtained the information by calling the town of Middletown, and while Glen Cove claims it relied only on the County, it seeks to estop the Sheriff and Delva. Thus, it cannot satisfy the elements of equitable estoppel.

[26] A035–36 (Mot. to Set Aside Sheriff's Sale ¶¶ 10, 13) (noting Delaware law permits "unilateral mistake" as an irregularity in the sale and asserting the "unilateral mistakes" of the County and Sheriff are grounds to set aside the sale but never mentioning contractual doctrine of mistake).

[27] SUPR. CT. R. 8. Even if not waived, the argument fails because Glen Cove cannot show clear and convincing evidence that both parties were mistaken as to a specific prior understanding. *See*

(11) Finally, Glen Cove argues that the mistakes described are an "irregularity" warranting setting the sale aside.[28] Superior Court Civil Rule 60(b) permits a court to set aside a Sheriff's sale where there is an irregularity in the process.[29] Not every mistake, however, is an irregularity.[30] "Sheriff's sales should not be set aside for trivial or insufficient reasons lest parties be discouraged from bidding at future sales."[31] For instance, a mistake going to a property's sale price must "shock the sense of the court" to be an irregularity.[32] If there is no irregularity, a Sheriff's sale may be set aside "only when necessary to correct a plain injustice, consistent with the principles of equity."[33]

---

*Cerberus Int'l, Ltd. v. Apollo Mgmt., L.P.*, 794 A.2d 1141, 1152 (Del. 2002) (applying mutual mistake to hold that summary judgment against a party seeking the rescission of a merger agreement was improper). There is no evidence Delva shared Glen Cove's assumption that the buyer would be able to rent apartments on the property. It is illogical that a mortgagee to property sold at a sheriff sale, absent unusual facts, could form an agreement as to an unknown buyer's intended uses. A mutual assumption that the property was zoned for commercial use is not enough, because that is not a specific prior understanding between these two parties. Thus, Glen Cove cannot satisfy the contractual doctrine of mistake.

[28] Opening Br. at 25.

[29] SUPER. CT. CIV. R. 60(b).

[30] *See, e.g.*, *LSF9 Master Participation Tr. v. Truitt*, No. CV 16L-06-028 ALR, 2017 WL 8787509, at *2 (Del. Super. Oct. 24, 2017) (mistake which led to a sale price $24,737 lower than it otherwise would have been was not an irregularity because it did not shock the conscience of the court).

[31] *Burge v. Fid. Bond & Mortg. Co.*, 648 A.2d 414, 421 (Del. 1994) (holding Superior Court did not exceed its discretion in finding a foreclosing mortgagee's unilateral mistakes were an irregularity and setting aside a Sheriff's sale).

[32] *Shipley*, 975 A.2d at 768–69 (quoting *In re Downham Co.*, 165 A. 152, 153 (Del. Super. 1932)). Typically, the price is 50% or less of a property's true value. *Id.*

7

(12) Here, the alleged mistake was not an irregularity. A court can use its broad discretion to confirm a Sheriff's sale despite a party's mistake implicating the characteristics or sale price of property.[34] The trial court was within its discretion to find that any mistake here was the result of Glen Cove's inadequate due diligence, and not an irregularity in the sale process.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[34] *See, e.g.*, *Shipley*, 975 A.2d at 767–68; *LSF9 Master Participation Tr.* at \*3; *Smith v. Caldera Props.-Nassau Grove, LLC*, No. CIV.A.S09C-05-005ESB, 2011 WL 2420842 (Del. Super. June 9, 2011) (confirming Sheriff's sale despite $1,000 sale price to satisfy $757,700 judgment in part because "plaintiffs were in a position to protect their own interest, but did not do so").