IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| EN PROPERTIES, LLC, | § | |
| | § | No. 73, 2025 |
| Intervenor Below, Appellant, | § | |
| | § | Court Below–the Superior |
| v. | § | Court of the State of Delaware |
| | § | |
| FREEDOM MORTGAGE | § | C.A. No. S24L-06-009 |
| CORPORATION, | § | |
| | § | |
| Plaintiff Below, | § | |
| | § | |
| BETHANY A. DILKS aka | § | |
| BETHANY A. PHILLIPS and | § | |
| WILLIAMS A. DILKS, | § | |
| | § | |
| Defendants Below, Appellees. | § | |

Submitted:  August 13, 2025
Decided:    October 24, 2025

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## ORDER

On this 24th day of October 2025, after careful consideration of the parties'

briefs and the record on appeal, it appears to the Court that:

(1)    On June 11, 2024, Freedom Mortgage filed a foreclosure action against

Bethany A. Dilks and William A. Dilks (together, the "Dilkses").  The action sought

foreclosure of Freedom Mortgage's interest in the Dilkses' primary residence—32201 Mount Pleasant Road, Laurel, Delaware (the "Property").[1]

(2)    Three months after initiating the action, Freedom Mortgage filed a motion for entry of default judgment against the Dilkses.[2]  It also issued a notice to lienholders informing them of a Sheriff's sale of the Property.[3]  The Sheriff's sale was scheduled and took place on December 17, 2024.

(3)    On the day of the sale, several events occurred.  In the morning, Freedom Mortgage received a call from an unidentified third-party seeking to confirm wire instructions to reinstate the Dilkses' loan on the Property.[4]  The caller stated that he tried to wire the funds the previous day but had listed the incorrect address on the wire instructions.[5]  The Sheriff's sale proceeded as scheduled, and EN Properties, LLC ("EN Properties") was the winning bidder, purchasing the Property for $225,000.[6]  To secure its purchase, EN Properties paid a deposit.  In the afternoon, Freedom Mortgage received the wire with the funds to reinstate the

---

[1] App. to Appellant's Opening Br. at A8–9 (Complaint dated April 8, 2025) (D.I. 9) [hereinafter A__].

[2] A11-13 (Direction for Entry of Judgment and Affidavit dated Sept. 16, 2024).

[3] A15–17 (Affidavit of Counsel of Notice to Lien Holders, Tenants, Record Owners and Persons Having Interest of Sheriff's Sale of Real Estate dated Dec. 10, 2024).

[4] A18–20 (Motion to Set Aside Sheriff's Sale dated Dec. 19, 2024).

[5] A18–19.

[6] A19.

Dilkses' loan.[7]  The next day, counsel for the Dilkses contacted EN Properties to inform it of the loan reinstatement.[8]

(4)  On December 19, 2024, with the loan reinstated, Freedom Mortgage filed a motion to set aside the Sheriff's sale.[9]  On December 27, 2024, the Superior Court granted the motion and entered an order to set aside the sale and return EN Properties' deposit.[10]  On the morning of January 10, 2025, Freedom Mortgage filed a notice requesting the court to vacate the judgment and dismiss the case.[11]  Later that afternoon, EN Properties moved to intervene and vacate the court's order that set aside the sale.[12]

(5)  In its motion, EN Properties contended that its equitable interest as a third-party *bona fide* purchaser was not properly considered by the court because it "was not provided the opportunity to be heard."[13]  EN Properties argued that the court had not considered "critical" details in reaching its decision, including (a) the identity of the third-party caller confirming the wire instructions, (b) Freedom

---

[7] *Id.*

[8] *Id.*

[9] A18-20 (Motion to Set Aside Sheriff's Sale dated Dec. 19, 2024).

[10] A21 (Superior Court Order dated Dec. 27, 2024).

[11] App. to Answering Br. at B1-4 (Notice to Vacate Judgment and Voluntarily Dismiss without Prejudice dated Jan. 10, 2025) (D.I. 13) [hereinafter B__].

[12] A22–26 (Motion of EN Properties, LLC to Intervene and Vacate Court's Order to Set Aside Sheriff's Sale dated Jan. 10, 2025).

[13] A23.

Mortgage's protocol for staying a sale, and (c) the timing of when the reinstatement funds were initiated and received.[14]

(6) On January 13, 2025, the Superior Court denied EN Properties' motion, reasoning that "the loan was reinstated,"[15] and ordered the dismissal of the action.[16] EN Properties filed a motion for re-argument.[17] The court denied the motion and this appeal timely followed.[18]

(7) On appeal, EN Properties makes two claims. First, EN Properties contends it had the right to an evidentiary hearing before the Superior Court could set aside the sale. Second, EN Properties argues the court abused its discretion by setting aside the sale without first making a finding of fraud, mistake, or irregularity.

(8) This Court reviews the Superior Court's decision to set aside a Sheriff's sale for an abuse of discretion.[19] "To find an abuse of discretion, there must be a showing that the trial court acted in an arbitrary and capricious manner."[20] The Superior Court has broad discretion to confirm or set aside a Sheriff's sale.[21] Where

---

[14] A24.

[15] A27 (Superior Court Order dated Jan. 13, 2025).

[16] B5 (Superior Court Order dated Jan. 13, 2025).

[17] A28-33 (EN Properties, LLC's Motion for Reargument dated Jan. 21, 2025).

[18] A37 (Superior Court Order dated Jan. 27, 2025).

[19] *Deutsche Bank Nat'l Trust Co. v. Goldfeder*, 86 A.3d 1118, 2014 WL 644442, at *2 (Del. Feb. 14, 2014) (TABLE).

[20] *Id.*

[21] *See Burge v. Fid. Bond & Mortg. Co.*, 648 A.2d 414, 417 (Del. 1994).

there are "irregularities in the sale proceedings," or "fraud, unfairness, or other extraneous matter[s] demonstrating unfairness to one of the interested parties," the court may set aside a sale.[22] When deciding whether to set aside a sale, the court must protect the rights of the defaulting mortgagor as those rights are "of paramount importance."[23]

(9) The trial court did not commit error when it decided EN Properties' request to vacate the sale without conducting an evidentiary hearing. EN Properties has neither explained why further factual development at a hearing is necessary nor provided any precedent directly supporting its entitlement to a hearing.[24] A trial court is not required to conduct an evidentiary hearing when it would only elicit

---

[22] *Id.* at 420.

[23] *Id.* at 418.

[24] EN Properties cites *Solomon v. Duggan* for the proposition that a Sheriff's sale should be stayed to allow the parties to further develop the factual record. Opening Br. at 8 (citing *Solomon v. Duggan*, 2004 WL 692903, at *3 (Del. Super. Mar. 11, 2004)). *Solomon* did not, however, involve a Superior Court decision that relied on the resulting unfairness and injustice if the sale was permitted to proceed.

EN Properties also relies on *Gunn v. U.S. Bank National Association* to support its argument that this Court previously reversed and remanded a Superior Court's order denying a motion to intervene and setting aside a Sheriff's sale. Opening Br. at 8. *Gunn* is not analogous. In *Gunn*, years after the Superior Court prevented Gunn from intervening in the action and seeking discovery to determine whether the assignment of the mortgage was valid, the court denied Gunn's motion to set aside the Sheriff's sale. *See Gunn v. U.S. Bank Nat'l Ass'n*, 2009 Del. LEXIS 661, at *10-11 (Del. Dec. 1, 2009). The Superior Court found Gunn estopped due to his failure to engage in discovery earlier in the case. *Id.* at *11. Because Gunn could not seek discovery until the court permitted him to intervene and proceed as a party to the action, this Court remanded for the Superior Court to hold an evidentiary hearing and remedy its own mistake. *Id.* at *12. This case does not involve *Gunn*'s unique procedural posture or an estoppel argument.

testimony on collateral matters immaterial to the trial court's decision.[25] That is, even if the Superior Court had held an evidentiary hearing and EN Properties received the answers to the questions listed in its motion in its favor, the court's reasoning would be the same—confirming the Sheriff's sale would have resulted in an unfairness to the Dilkses as "the loan was reinstated."

(10) Moreover, the trial court did not abuse its discretion when it set aside the sale of the Property. The Superior Court Rules of Civil Procedure permit the court to set aside a Sheriff's sale for "any other reason justifying relief from the operation of the judgment."[26] This Court has held that "unfairness to one of the interested parties" is a justifiable reason.[27] Confirming the sale would have resulted in significant unfairness to the Dilkses—who would have been displaced from their home after successfully reinstating their loan on the day of the Sherriff's sale. In accordance with Delaware's policy to prioritize the rights of defaulting mortgagors,[28] the Superior Court's decision aligned with protecting those rights.[29]

---

[25] *See Scottoline v. Women First, LLC*, 2025 WL 1707364, at *8 (Del. June 18, 2025) ("The trial court has broad discretion to decide how to fulfill its gatekeeping duties."); *see also Abtrax Pharms v. Elkins-Sinn*, 655 A.2d 1368, 1378 (N.J. 1995) (noting that New Jersey courts typically require evidentiary hearings when the "record before the trial court has not provided an adequate basis for a fully informed determination of the underlying issue, or where an evidentiary hearing would be helpful for a determination of the issue.").

[26] Super. Ct. Civ. R. 60(b)(6).

[27] *See Burge*, 648 A.2d at 420.

[28] *Id.* at 418.

[29] *See id.*; *accord Girard Tr. Bank v. Castle Apartments, Inc.*, 379 A.2d 1144, 1147 (Del. Super. 1977) ("It must not be overlooked that the objective of judicial scrutiny of sheriff's sales is not to

6

NOW, THEREFORE, IT IS ORDERED that the Superior Court's December 27, 2024 Order, setting aside the Sheriff's sale, and January 13, 2025 Order, denying EN Properties' motion to intervene, are AFFIRMED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

delay the consummation of the execution but to assure that the defaulting obligor has received just treatment in the execution process.").