IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RICHARD TYLER and DIONNE TYLER, | § | |
| | § | No. 342, 2018 |
| | § | |
| Defendants Below, | § | Court Below—Superior Court |
| Appellants, | § | of the State of Delaware |
| | § | |
| v. | § | |
| | § | C.A. No. S16T-09-007 |
| DEPARTMENT OF FINANCE OF | § | |
| SUSSEX COUNTY, a political | § | |
| subdivision of the State of Delaware, | § | |
| | § | |
| Plaintiff Below, Appellee. | § | |

Submitted: January 11, 2019
Decided: January 17, 2019

Before **STRINE,** Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **O R D E R**

After consideration of the parties' briefs and the record in this case, it appears to the Court that:

(1)    The appellants, Richard and Dionne Tyler, filed this appeal from an order of the Superior Court denying the Tylers' motion to set aside a monition sale of real property situated at 20429 Harbeson Road in Harbeson, Delaware. After careful consideration of the parties' submissions and the record on appeal, the Court concludes that the Superior Court did not abuse its discretion, and we affirm the Superior Court's judgment.

(2) The record reflects that the Tylers acquired the property in February 2004. On September 29, 2016, the Department of Finance of Sussex County (the "County") filed a praecipe for monition to enforce its rights to collect unpaid taxes in the amount of $806.39 for the years 2008 through 2011. The Sussex County Sheriff posted the monition on the property on October 7, 2016. A Writ of Venditioni Exponas later was issued, and a sale of the property was scheduled for January 17, 2017.

(3) On January 4, 2017, the County sent notices of the impending sale by certified mail directed to the Tylers at two addresses in Philadelphia and at the physical address of the property. On January 5, 2017, notice of the scheduled sale was also posted on the property. The property was sold to a third-party buyer for $3,300 on January 17, 2017; the Superior Court confirmed the sale on May 2, 2017.

(4) On May 21, 2018, the Tylers filed a motion to set aside the sale, claiming that they did not receive notice of the sale because the notices had not been sent to their correct address. The Superior Court denied the motion, and the Tylers appeal.

(5)     The Superior Court has broad discretion to confirm or set aside a sheriff's sale.[1]  We therefore review the Superior Court's decision for abuse of discretion.[2]

(6)     Superior Court Civil Rule 69(g) requires that notice be provided to property owners at least seven days before a property may be sold at a sheriff's sale. The notice must be sent by certified mail, return receipt requested, to the owners' "last known available or reasonably ascertainable address."[3]

(7)     In this case, the Tylers contend that the required notice was not given because notices were mailed to 362 E Church Ln Rear, Philadelphia, PA 19144, and to 346 E Church St, Philadelphia, PA 19144, but their correct address is 346 E. Church Lane, Philadelphia, PA 19144.  As evidence of their address, they point to the deed by which they acquired the property in 2004, which identifies their address as 346 E. Church Lane, Philadelphia, PA 19144.

(8)     The County argues that tax bills for the property had been mailed to the Tylers at 346 East Church Street, Philadelphia, PA for several years, and that the taxes had been paid for some of those years, demonstrating that the Tylers had received the bills that were mailed to that address.  The County further asserts that in 2015 or 2016, the Tylers changed their billing address from "346 E Church St,

---

[1] *Shipley v. New Castle County*, 975 A.2d 764, 767 (Del. 2009).
[2] *Id.*
[3] SUPER. CT. CIV. R. 69(g).

Philadelphia, PA 19144" to "362 E Church Ln Rear, Philadelphia, PA 19144." The Tylers dispute that they caused that address change, but they do not submit any evidence that they did not cause the change, nor do they offer any explanation of why the County would have changed the billing address without the Tylers' instruction to do so. Moreover, the County received a signed return receipt for the notice that was addressed to the Tylers at 362 E. Church Lane Rear,[4] indicating that the notice was delivered and signed for on January 5, 2017. Although the Tylers assert, without evidence, that the signature is not theirs, they offer no explanation of why someone else would sign for certified mail addressed to the Tylers at the Philadelphia address that the County had on file for them.

(9)     Under Superior Court Civil Rule 60(b)(6), a final order may be set aside for "any other reason justifying relief from the operation of the judgment." Relief under Rule 60(b)(6) is an "extraordinary remedy" that requires a showing of "extraordinary circumstances."[5] The Superior Court held that the notice of the sale was "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action."[6] In the circumstances of this case, we conclude that the

---

[4] The mailing label for this notice contains certain typographical errors: it reads "Chruch" Lane instead of "Church" Lane, and "Philadelphis" instead of "Philadelphia." But the Tylers do not contend that the postal service would not or did not deliver the notice to Church Lane in Philadelphia as a result of those typographical errors.

[5] *Shipley*, 975 A.2d at 767.

[6] *Household Bank, F.S.B. v. Daniels*, 2005 WL 1953035, at *2 (Del. Super. Ct. July 14, 2005) (quoting *Mullane v. Central Hanover Bank & Trust*, 339 U.S. 306, 314 (1950)).

Superior Court did not abuse its discretion by declining to set aside the sale based on the Tylers' claim that they lacked notice of the sale.

(10) The Superior Court also determined that the Tylers did not act diligently and without unreasonable delay in seeking to set aside the sale. Although it "has long been recognized that objections to a sheriff's sale are waived as untimely if not asserted prior to confirmation . . ., this rule is not absolute [and] the Superior Court has broad power to control such sales to correct abuses or protect parties from injustice" through a Rule 60(b) motion.[7] There is "no set time limit in which a party must file a Rule 60(b) motion, [but] the movant must exercise diligence and act without unreasonable delay."[8] "Because of the strong public interest in the finality of sheriff's sales, a presumption of unreasonable delay and lack of diligence arises after the sale is confirmed by the court."[9] In this case, the Superior Court confirmed the sale on May 2, 2017. The Tylers do not explain how or when they became aware of the sale, nor why they did not seek to set aside the sale until sixteen months after the sale occurred and more than a year after it was confirmed. The Superior Court therefore did not err by concluding that the Tylers did not act diligently and without unreasonable delay.

---

[7] *Shipley*, 975 A.2d at 770.
[8] *Id.*
[9] *Id.*

5

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice