IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JERRY L. SMITH, | § | |
| | § | No. 431, 2022 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. S21T-10-019 |
| DEPARTMENT OF FINANCE | § | |
| OF SUSSEX COUNTY, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |
| | § | |

Submitted: June 9, 2023
Decided: August 15, 2023

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## ORDER

After consideration of the parties' briefs and the Superior Court record, it appears to the Court that:

(1) The appellant, Jerry L. Smith, filed this appeal from the Superior Court's October 13, 2022 order denying Smith's motion to set aside a sheriff's sale of real property located at 23 Honolulu Road in Frankford, Delaware (the "Property"). After careful consideration of the parties' submissions and the record on appeal, we conclude that the Superior Court did not abuse its discretion when it declined to set aside the sale. Accordingly, we affirm the Superior Court's judgment.

(2) On October 26, 2021, the Department of Finance of Sussex County (the "County") filed a monition action against the Property's owners to enforce its rights to collect unpaid property taxes for the years 2008-2021. The complaint (i) identified the Property by its street address and tax map parcel number; (ii) named the owners of the Property as Jerry L. Smith, Rachel Houston, and Chevelle Gosleee; and (iii) was supported by a property tax billing statement, detailing $2,261.98 in unpaid taxes.[1] The property tax billing statement listed 11494 Old School Road, Mardela Springs, Maryland (the "Billing Address") as the address for all three property owners. The Sussex County Sheriff posted the monition on the Property on November 1, 2021. After the owners failed to pay the back taxes, the Superior Court issued a writ of *venditioni exponas*, and a sheriff's sale was scheduled for April 19, 2022.

(3) On April 1, 2022, the County sent notice of the impending sale by certified mail to Smith, Houston, and Goslee at the Billing Address as well as the Property's street address. On April 7, 2022, notice of the scheduled sale was posted on the Property. The Property was sold to a third-party buyer at the sheriff's sale, and the sale was confirmed without objection as a matter of course.

---

[1] *See* 9 *Del. C.* § 8722(b) ("The [monition] praecipe shall contain the name of the person against whom the taxes sought to be collected were assessed, a copy of the bill or bills showing the amount of taxes due, and the property against which the taxes were assessed.").

2

(4)  On May 11, 2022, Smith filed a motion to set aside the sheriff's sale, arguing that the sale should be set aside because he did not have actual or constructive notice of the sale.  In support of his motion, Smith averred that Houston and Goslee had been deceased for over one year and that, as a joint tenant with right of survivorship, he was sole surviving owner of the Property.  Smith noted that he lives in Frankford and owns other property in the town, for which he receives tax bills at 63 Reed Street, Frankford, Delaware (the "Reed Street Address").  Smith argued that the County should have deduced that the Jerry L. Smith associated with the Property was same Jerry L. Smith associated with the Reed Street Address.  Therefore, Smith contended, the County should have sent notice of the sheriff's sale to him at the Reed Street Address.

(5)  The County opposed the motion to set aside the sheriff's sale, noting, among other things, that: (i) it could not have known that either Houston or Goslee was deceased because it had not been notified of either death and an estate had not been opened for either woman, (ii) the Reed Street Address did not appear in a title search of the Property, (iii) the Billing Address was provided to the County for tax-assessment purposes in 2011; (iv) Smith had not provided the County with an updated billing address; and (v) Smith could still redeem the Property under 9 *Del.*

3

*C.* § 8729 because sixty days had not passed since the sale had been confirmed.[2] The County attached a title search of the Property to its opposition. The title search included the August 4, 2006 deed by which Smith acquired his interest in the Property. That deed listed the "return to" address for Smith as P.O. Box 12, Frankford, Delaware (the "P.O. Box Address").

(6) The Superior Court held a hearing on Smith's motion on June 3, 2022. At the hearing, Smith argued that the County should have sent notice of the sheriff's sale to the Reed Street Address and to the P.O. Box Address because both addresses were "reasonably ascertainable."[3] The County objected and noted again that Smith could still redeem the Property. The court took the matter under advisement, and the parties filed supplemental briefing. In his filings, Smith reiterated his argument that the County was obligated to send notice of the sale to his Frankford addresses. Smith also informed the court that he had no relationship with his co-owners and had never lived with them—in Mardela Springs, or elsewhere—and that the County

---

[2] 9 *Del. C.* § 8729 ("The owner of any such real estate sold under this subchapter or the owner's legal representative may redeem the same at any time within 60 days from the day of the sale thereof is approved by the [Superior] Court, by paying to the purchaser or his or her legal representatives, successors or assigns, the amount of the purchase price and 15 percent in addition thereto, together will all costs incurred in the cause; or if the purchaser or his or her legal representatives, successors or assigns refuse to receive the same, or do not reside or cannot be found within the county where the property is located, by paying the amount into the [Superior] Court for the use of the purchaser, his or her legal representatives or assigns.").

[3] *See* Del. Super. Ct. Civ. R. 69(g) (providing that notice of a sheriff's sale must be sent to persons have an equitable or legal interest of record in the property to be sold at sheriff's sale to their "last known available or reasonably ascertainable address").

had no basis for assuming that the three co-owners lived together. In its briefing, the County emphasized that (i) Goslee gave the Billing Address to the County in 2011—after the execution of the 2006 deed by which Smith acquired his interest in the Property—and the County therefore reasonably believed the P.O. Box Address to be outdated, and (ii) it had no reason to believe that the owners did not live together at the Billing Address. The County also noted that Smith had apparently left the responsibility of paying the Property's taxes to his co-owners since acquiring his legal interest in it over a decade ago. Given that the Billing Address was the only contact that it had been given for tax-assessment purposes, the County argued that it had fully complied with the requirements of Superior Court Civil Rule 69(g) because the notice of the sheriff's sale was sent to the last "reasonably ascertainable" address for the property owners. The Superior Court agreed and denied Smith's motion. Smith appeals.

(7) The Superior Court has broad discretion to confirm or set aside a sheriff's sale.[4] We therefore view the Superior Court's decision for abuse of discretion.[5]

(8) Rule 69(g) requires that notice be provided to a property owner at least seven days before a property may be sold at a sheriff's sale. The notice must be sent

---

[4] *Shipley v. New Castle Cnty.*, 975 A.2d 764, 767 (Del. 2009).
[5] *Id.*

5

by certified mail, return receipt request, to the owner's "last known available or reasonably ascertainable address."[6] Only if the owner's address cannot be reasonably ascertained must the notice provide a description of the reasonably diligent efforts that were made to ascertain the address.[7]

(9) On appeal, Smith argues, as he did below, that the County should have sent notice of the sheriff's sale to the Reed Street Address and the P.O. Box Address because they were "reasonably ascertainable" addresses for Smith. The Superior Court summarily rejected Smith's argument that the County was required to sift through its tax records looking other properties owned by a "Jerry L. Smith" to find a reasonably ascertainable address for Smith. And, noting that the plain language of Rule 69(g) does not require that notice of a sheriff's sale be sent to an interest holder at an address that appears on a recorded instrument, the court concluded that the notice sent to the Billing Address was "reasonably calculated to inform all persons having an equitable or legal interest of record in the Property of the pending sheriff's sale."[8] Under the circumstances presented here, we agree. At the time of the sheriff's sale, Smith had been a record owner of the Property for almost fifteen years and admittedly never made any effort to inform the County of either of his Frankford addresses for the Property's tax assessment, either before or after the death of co-

---

[6] Del. Super. Ct. Civ. R. 69(g).
[7] *Id.*
[8] *Dep't of Fin. of Sussex Cnty. v. Smith*, 2022 WL 7296557, at *3 (Del. Super. Ct. Oct. 13, 2022).

6

owners.  The Superior Court accordingly did not abuse its discretion when it declined to set aside the sheriff's sale based on Smith's claim that he lacked notice of the sale.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court be AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice